UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

United States of America,                                    Case No. 13-62038-CV-Marra

    Plaintiff,

v.

Theresa M. Bennett,

    Defendant.

_____/

    <u>Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment</u>

    Defendant, Theresa M. Bennett, pursuant to Rule 56, Fed. R. Civ. P., responds to Plaintiff's Motion for Summary Judgment and says:

SUMMARY

    This case arises from Plaintiff's lawsuit to collect on a Guaranteed Student Loan. The lawsuit is baseless because Plaintiff agreed to rehabilitate the loan with Defendant, pursuant to 34 CFR 682.405, and despite the parties' agreement, filed this claim.

    Plaintiff's Motion for Summary Judgment (the "Motion") should be denied for three reasons.

    First, the Motion is premature because there has not been adequate time for discovery as mandated by the Supreme Court in *Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986) and its sister cases. Plaintiff's Motion was filed on October 23, 2013, less than one month after the Complaint was served. Although the parties have not yet conferred for a scheduling order and the Court has not yet set discovery deadlines, Defendant propounded discovery requests on October 31, 2013,

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 2

pursuant to the exceptions set forth in Rules 26(d)(1) and 26(a)(1)(B), Fed. R. Civ. P.[1] Plaintiff's initial discovery responses are not due until December 2, 2013.

Second, the Motion is unsupported because its Exhibits violate Rule 56(c)(4) and Local Rule 7.3.[2] Exhibit A does not show the affiant is competent to testify to the matters asserted and the matters are unsubstantiated, Exhibit B is untimely, and Exhibit C is incomplete, illegible and not authenticated.

Third, Plaintiff's Motion and Defendant's Response exhibit genuine issues of disputed material fact which defeat the entry of summary judgment.

## DISCUSSION

**I.   The Motion is premature because it was filed less than one month after the Complaint was served and consequently there has not been adequate time for discovery.**

In complying with this Court's Order (Doc. 7) that advised Defendant to review Rule 56 and *Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986), Defendant researched and located *Ventrassist Pty Ltd. v. Heartware, Inc.* 377 F.Supp. 2d (S.D. Fla. 2005). In *Ventrassist,* this Court denied a motion for summary judgment filed in a case that was pending for little more than a month, because there had been insufficient time for the opposing party to conduct discovery.

This court observed that Rule 56 presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery. 377 F.Supp. 2d at 1287. This court also noted that the requirement for adequate discovery period was the common denominator in the Supreme Court's three seminal summary judgment opinions, — *Celotex Corp. v. Catrett,* 477

---

[1] References to "Rule" herein are to the Federal Rules of Civil Procedure, unless noted otherwise.
[2] References to "Local Rule" herein are to the Local Rules for the United States District Court for the Southern District of Florida, unless noted otherwise.

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 3

U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *Id.* (citing to *WSB-TV v. Lee,* 842 F.2d 1266, 1269 (11th. Cir. 1988)).

This Court explained that opposing parties are entitled to conduct discovery to determine whether there exists a basis to challenge averments appearing in a declaration. *Ventrassist,* 377 F.Supp. 2d at 1288. In addition, the opposing party deserves an opportunity to discover facts at odds with those set forth in the movant's declarations. *Id.* (citing to *Vining v. Runyon,* 99 F.3d 1056, 1058 (11th Cir. 1996).

The rules align with the above case law. Where an opposing party shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position, Rule 56(d) allows the court to defer considering a motion for summary judgment; to deny it; to allow time for discovery; or to issue any other appropriate order.

In this case, the complaint was filed on September 24, 2013 (Doc. 1). As in *Ventrassist,* the Plaintiff here moved for summary judgment only one month later, on October 23, 2013 (Doc. 6). The court has not entered a scheduling order setting discovery deadlines and the parties have not conferred in a scheduling conference. On October 31, 2013, however, Defendant propounded its initial discovery requests (See Affidavit of Theresa Bennett attached as Exhibit 1).[3] Plaintiff's responses to those requests are not due until December 2, 2013. In

---

[3] In student loan cases, the parties are not required to wait to begin discovery until after they have conferred as required by Rule 26(f). Rules 26(d)(1) and 26(a)(1)(B), Fed. R. Civ. P.

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 4

addition, Defendant has set forth specific reasons why it cannot present certain essential facts justifying its opposition. See Exhibit 1.

The Defendant has not had an adequate opportunity to investigate the Plaintiff's claims by way of discovery. Consequently, summary judgment should be denied or deferred pursuant to Rule 56(f).

**II.   Notwithstanding the premature filing of the Motion, Plaintiff's supporting documents are insufficient support for its Motion and thus do not shift burden to Defendant to show the absence of disputed material facts.**

In a motion for summary judgment, the moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-324 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). Only after the movant has satisfied this burden, is the non-moving party obligated to designate specific facts showing that there is genuine issue of material fact. *See id.* at 324. As shown below, the Plaintiff has not met its burden because the Motion is supported by exhibits that are incomplete, untimely, not competent or not authenticated.

Rule 56(c)(4) requires that an affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated. In the case of an individual affiant, the affidavit must be based on personal knowledge. Where the affiant is a corporate representative, the affidavit must show that the representative is designated under Rule 30(b) and has general corporate knowledge sufficient to

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 5

make the affidavit. *Atlantic Marine Florida, LLC v. Evanston Ins. Co.* No. 3:08-cv-538 (M.D. Fla. May 13, 2010)(order denying motion to strike) .

Documents must be authenticated to be considered in a motion for summary judgment. To be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence. *Saunders v. Emory Healthcare, Inc.*, 360 Fed. Appx. 110, 113 (11th Cir. 2010).

As discussed more fully below, none of the Exhibits to the Motion is appropriate for the Court's consideration and each should be disregarded.

    a.    <u>Exhibit A – Affidavit of Alberto Francisco dated June 13, 2007.</u> Exhibit A, a six year old affidavit signed by Alberto Francisco, suffers the following deficiencies, counter to Rule 56(c)(4).

        i.    He has not asserted that he has personal knowledge of the facts in the affidavit.

        ii.    He has not asserted that the "records" mentioned fall within the business records exception or any other hearsay exception that would make his affidavit or testimony admissible.

        iii.    The term "Senior Loan Analyst" is stamped under the signature; however, there are no averments as to Mr. Francisco's position, job duties or knowledge of the factual assertions in the affidavit.

        iv.    Owing to the early stage of litigation, there has been no Rule 30(b)(6) designation that Mr. Francisco is the Plaintiff's corporate representative.

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 6

    v.  There is no indication that he is now, six years later, still employed by Plaintiff and still available to provide admissible evidence.

In sum, there are no statements that indicate Mr. Francisco is competent to make the affidavit as required by Rule 56 (c)(4).

    b. <u>Exhibit B- Declaration of Attorney's Fees</u>. Although cast as a "declaration," it is clear from the context of the attachment that this declaration is given in support of Plaintiff's request for attorney's fees and costs. Local Rule 7.3 governs motions for attorney's fees. Local Rule 7.3(a)(1) dictates that they are to be filed within 60 days of the entry of the final judgment or order giving rise to the claim. The 1999 comment to the rule states, "This Local Rule has been amended to clarify that a motion for fees and costs must only be filed when a judgment or appealable order has been entered in the matter." In addition, the declaration and request for fees and costs in motion for summary judgment does not comply with other portions of the Local Rule, in particular Local Rule 7.3(2) and (8). The declaration and request for attorney fees is untimely, does not comply with the Local Rules, and should be disregarded.[4]

    c. <u>Exhibit C – Page 1 of 3 of Promissory Note dated 4/26/04; unnumbered page entitled "Additional Terms of the Promissory Note for a Guaranteed Student Loan</u>. Exhibit C is referenced in the Motion on page two, in the last line of Section II. It is not attached to any affidavit and contains no language authenticating the document. In addition, although the first page is labeled "Page 1 of 3," there are only two pages to the Exhibit and the second page does not indicate it is "Page 2 of 3" or "Page 3 of 3," nor does it reference in any other way the first

---

[4] Regardless of the timeliness of the attorney fee declaration, the court should note that Plaintiff is requesting well in excess of the $125 per hour rate mandated by 28 USC 2412 (d)(2)(A)(ii).

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 7

page of the Exhibit. The document appears to be incomplete and is not authenticated, consequently it cannot be considered in support of Plaintiff's Motion.

Exhibit C is further flawed because it is silent as to the loan principal and as to the interest, Exhibit C contradicts Exhibit A. Exhibit A states that the loan was disbursed at 8.25 percent per annum, however, the second page of Exhibit C, under the section entitled "Interest," indicates that the interest rate will be either 7, 8 or 9 percent depending on whether the borrower has any remaining outstanding loans. Exhibit C does not contain an interest rate of 8.25%.

The document also indicates in Section VII that "if the Florida Department of Education is required under its guarantee to repay my loans because I have defaulted, then the Florida Department of Education will become the owner of this Note." A stamp on the second page states "paid to the order of the Florida Department of Education," although the balance of the stamp is illegible. The mention of the Florida Department of Education conflicts with Exhibit A which states that the loan was made by the Department of Education.

Exhibit C is incomplete, not authenticated and conflicts with Exhibit A. On the authority of *Saunders v. Emory Healthcare, Inc.*, 360 Fed. Appx. 110, 113 (11th Cir. 2010), it cannot be used to support Plaintiff's Motion.

As a result of the foregoing shortcomings in Plaintiff's Exhibits, it has not met its burden to show, by record evidence, the absence of genuine issues of material fact.

**III.     Plaintiff's Motion and Defendant's response show disputed material facts that preclude summary judgment.**

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). A genuine issue of

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 8

material fact exists when a reasonable jury could return a verdict for the non-moving party. *Dixon v. Hallmark Cos.,* 627 F.3d 849, 854 (11th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In considering summary judgment, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255 (citing to *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

A summary judgment should not be used to "railroad" an opposing party without an opportunity for the non-movant to develop defenses to the claim. *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 318 (1986). Nonetheless, Plaintiff's attempt to literally rush to judgment is obvious in its slapdash motion. Contrary to the purpose of a motion for summary judgment, which is to narrow the issues, the Motion confuses the Court with incomplete exhibits, internally conflicting information and inadmissible evidence. Moreover, the chaotic assertions in the Motion ignore Plaintiff's own conduct that forms the basis Defendant's Affirmative Defenses. As a result, the Motion and Response show the following genuine issues of disputed material fact.

1. <u>The amount of the loan(s)</u>. Plaintiff's Exhibit A conflicts with Defendant's Affidavit Exhibit C. Plaintiff's Exhibit A states there was one loan, Defendant's Exhibit C shows two. Plaintiff's Exhibit C shows no obligation by Defendant to pay a particular amount.

2. <u>The amount of interest</u>. Plaintiff's Exhibit A stating an interest rate of 8.25% conflicts with Plaintiff's Exhibit C which states interest will accrue according to outstanding loan amounts of either 7, 8, or 9%.

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 9

3. <u>The nature of the loan(s)</u>. Plaintiff's Exhibit A states that Defendant's loan was disbursed by the Plaintiff, however, Plaintiff's incomplete Exhibit C indicates the involvement of the Florida Department of Education. Plaintiff's Motion indicates Defendant's loans were "assigned" to the Plaintiff, but has not included terms of the assignment.

It is textbook law that an assignee gains no greater rights that the assignor. *See Crossman v. Fontainbleu Hotel Corp.* 273 F. 2d 720, 725 (5th Cir. 1959). If the assigned loan was governed by 34 CFR 682.405, then it can be argued that Plaintiff materially breached the loan agreement thereby relieving the Defendant of performance, as alleged in Defendant's Affirmative Defenses.

4. <u>The effect of Plaintiff's agreement to rehabilitate the loan(s)</u>. Plaintiff has not and cannot deny that it agreed to rehabilitate the loan as shown by Defendant in the affidavit attached to its original Answer and Affirmative Defenses (Doc. 5). Thus the court should accept this allegation as true.

Plaintiff has ignored Defendant's Affirmative Defenses, however, except to state that 34 CFR 682.405 does not apply. If, in fact, the regulation is shown to be inapplicable, it still does not alter the fact that Plaintiff agreed to rehabilitate the loan. Plaintiff's commitment, without regulatory mandate, merely changes the nature of the agreement. If the agreement was outside the scope of the original agreement, then Plaintiff breached a modification of the agreement which would give rise to additional defenses including settlement and accord (and whatever else pending discovery reveals).

Plaintiff's Motion does not provide the Court the tools it needs to enter a summary judgment. There is no credibility to the principal, interest or terms of Defendant's loan asserted by Plaintiff. In addition, it has failed to dispute its own agreement with Defendant to rehabilitate

U.S. v. Bennett
Case No. 13-62038
Defendant's Response to
Plaintiff's Motion for Summary Judgment
Page 10

the loan. Finally, Defendant has submitted admissible evidence that demonstrates genuine issues of material fact which defeat summary judgment.

## CONCLUSION

Plaintiff's Motion for Summary Judgment is premature because there has not been adequate time for discovery. The proferred evidence in support of the Motion is incomplete and inadmissible. And there remain genuine issues of material fact. All of which preclude the entry of summary judgment. Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been furnished this 11th day of November, 2013, via ECF to Steven Davis, 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134.

By: *Theresa M. Bennett*
Theresa Montalbano Bennett
*Pro Se*
Fla. Bar No. 994080
500 SE 17th Street, Suite 323
Fort Lauderdale, Florida  33316
Tel:  954.463.4007
tb@theboatlawyer.com